IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01721-KLM

ONSFORD SMITH,

    Plaintiff,

v.

ALLIANCE DATA,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Title VII Complaint** [#1][1] (the "Complaint"). In the Complaint Plaintiff states that the Plaintiff is "Alliance Data" and the Defendant is "Onsford Smith," *Complaint* [#1] at 1, but the signature of Onsford Smith appears at the end of the form complaint as Plaintiff. *Id.* at 6. In addition, the Complaint provides no detail regarding Plaintiff's claim against Defendant. Specifically, the claims for relief and the requested relief portions of the form complaint are blank. *Id.* at 3-6.

### I. Legal Standard

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

provide fair notice to the defendant sued of what the claims are and the grounds supporting such claims, *Twombly*, 550 U.S. at 555, and allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 1480 (10th Cir. 1989). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). A complaint that does not meet these requirements may be subject to dismissal pursuant to Fed. R. Civ. P. 12.

In addition, Fed. R. Civ . P. 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8. A complaint that does not comply with this may also be subject to dismissal.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110.

## II. Discussion

The Tenth Circuit encourages district courts to "helpfully advise a *pro se* litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Lazarov v. Kimmel*, No.10-

cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010).  Plaintiff's Complaint fails to clearly articulate the specific allegations as to Defendant and the corresponding basic details.  For example, while Plaintiff purports to bring claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, he fails to provide the date when his employment began or was terminated.  Plaintiff also fails to provide information regarding whether he is a member of a protected class or if he engaged in opposition to an unlawful employment practice.  *See. e.g.*, 42 U.S.C. §§ 2000(e)-2(a)(1) (discrimination), 2000(e)-3(a) (retaliation).  Attaching documents to a complaint instead of specifying factual allegations is insufficient because Rule 8 requires a plaintiff to file a "pleading" containing a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Fed. R. Civ. P. 7 defines a "pleading" to include a complaint.  Fed. R. Civ. P. 7(a)(1).  Fed. R. Civ. P. 7 does not define attachments to a complaint as pleadings, nor will the Court treat such attachments as pleadings.  Plaintiff may not avoid Rule 8's requirement that he state his claims for relief in a pleading by attaching various documents to the form complaint provided by the Court.  Plaintiff must complete the form, providing sufficient detail to provide Defendant with fair notice of what the claims are and the grounds supporting such claims.  *Twombly*, 550 U.S. at 555.  In short, the Complaint fails to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

### III. Conclusion

In order to secure the just, speedy, and inexpensive determination of this matter, as dictated by Rule 1 of the Federal Rules of Civil Procedure, the Court finds it necessary to *sua sponte* strike the Complaint due to its failures as set forth above.  The Court grants

Plaintiff leave to file an Amended Complaint that complies with this Order, the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**.

IT IS FURTHER **ORDERED** that if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this Order** the Complaint and the action will be dismissed without further notice.

Dated:  June 30, 2014               BY THE COURT:

Kristen L. Mix
United States Magistrate Judge