IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01721-KLM

ONSFORD SMITH,

    Plaintiff,

v.

ALLIANCE DATA,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE[1]
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Title VII Complaint** [#1][2] (the "Complaint") and the Court's June 30, 2014 **Order** [#8] (the "Order") directing Plaintiff to file an amended complaint curing the deficiencies identified by the Court.

### I. Background

In the Order, the Court explained to Plaintiff, who proceeds pro se[3], that the

---

[1] Because this case is assigned to the undersigned under the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the deadline to file the consent form has not yet elapsed, and without the consent of the parties a Magistrate Judge may enter only nondispositive orders, the undersigned enters this Recommendation for Chief Judge Krieger's review.

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[3] When considering Plaintiff's filings, the Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170,

Complaint does not meet the standards set forth in Fed. R. Civ. P. 8 and 12. Specifically, the Court explained:

> In the Complaint Plaintiff states that the Plaintiff is "Alliance Data" and the Defendant is "Onsford Smith," *Complaint* [#1] at 1, but the signature of Onsford Smith appears at the end of the form complaint as Plaintiff. *Id*. at 6. In addition, the Complaint provides no detail regarding Plaintiff's claim against Defendant. Specifically, the claims for relief and the requested relief portions of the form complaint are blank. *Id*. at 3-6.

*Order* [#8] at 1. The Court then explained the legal standards required of pleadings filed in federal court as follows:

> "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide fair notice to the defendant sued of what the claims are and the grounds supporting such claims, *Twombly*, 550 U.S. at 555, and allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 1480 (10th Cir. 1989). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). A complaint that does not meet these requirements may be subject to dismissal pursuant to Fed. R. Civ. P. 12.
>
> In addition, Fed. R. Civ . P. 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8. A complaint that does not comply with this may also be subject to dismissal.

*Order* [#8] at 1-2. The Court also advised Plaintiff of the specific deficiencies of the Complaint:

> Plaintiff's Complaint fails to clearly articulate the specific allegations as to Defendant and the corresponding basic details. For example, while Plaintiff purports to bring claims pursuant to Title VII of the Civil Rights Act of 1964,

---

1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

>   42 U.S.C. § 2000e, *et seq.*, he fails to provide the date when his employment
>   began or was terminated.  Plaintiff also fails to provide information regarding
>   whether he is a member of a protected class or if he engaged in opposition
>   to an unlawful employment practice.  *See. e.g.*, 42 U.S.C. §§ 2000(e)-2(a)(1)
>   (discrimination), 2000(e)-3(a) (retaliation).  Attaching documents to a
>   complaint instead of specifying factual allegations is insufficient because Rule
>   8 requires a plaintiff to file a "pleading" containing a "short and plain
>   statement of the claim showing that the pleader is entitled to relief."  Fed. R.
>   Civ. P. 8(a).  Fed. R. Civ. P. 7 defines a "pleading" to include a complaint.
>   Fed. R. Civ. P. 7(a)(1).  Fed. R. Civ. P. 7 does not define attachments to a
>   complaint as pleadings, nor will the Court treat such attachments as
>   pleadings.  Plaintiff may not avoid Rule 8's requirement that he state his
>   claims for relief in a pleading by attaching various documents to the form
>   complaint provided by the Court.  Plaintiff must complete the form, providing
>   sufficient detail to provide Defendant with fair notice of what the claims are
>   and the grounds supporting such claims.  *Twombly*, 550 U.S. at 555.  In
>   short, the Complaint fails to comply with the Federal Rules of Civil Procedure
>   and the Local Rules of Practice of the United States District Court for the
>   District of Colorado-Civil.

*Id.* at 3.

Due to the Complaint's deficiencies, the Court sua sponte struck the Complaint and granted Plaintiff leave to file an amended complaint within 30 days of entry of the Order. Therefore, Plaintiff's deadline to file an amended complaint was July 21, 2014. The Court warned Plaintiff that failure "to cure the designated deficiencies **within thirty (30) days from the date of this Order**" would result in "dismiss[al] without further notice." *Id.* at 4 (emphasis in original). To date, Plaintiff has not filed an amended complaint.

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

Procedure § 2369, at 576-77 & n.1 (3d ed. 2008).

## II. Analysis

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[4] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

### A. Prejudice to Defendant

From a review of the case file, I find that Plaintiff's neglect of his case has not prejudiced Defendant because Defendant has not yet appeared in this action. Accordingly, this factor weighs neither in favor nor against dismissal.

### B. Interference with the Judicial Process

I conclude that Plaintiff's failure to prosecute his case, and specifically his failure to

---

[4] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

comply with the Order [#8] and the Local Rules, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to comply with the Court's Order [#8] evidences lack of respect for the Court and the judicial process. In particular, Plaintiff's neglect has caused me and my staff to expend unnecessary time and effort. The Court's frequent review of the case file and issuance of this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision). This factor weighs in favor of dismissal.

**C.     Culpability of Plaintiff**

Plaintiff has, without providing any excuse, ignored his case responsibilities and failed to move his case forward. The Court provided Plaintiff with clear instructions and an opportunity to amend his Complaint, but he has chosen not to comply with the Court's Order [#8]. As a voluntary pro se litigant, it is solely Plaintiff's responsibility to ensure that he complies with case deadlines, Court Orders, and applicable rules. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Considering the history of this case, I must conclude that Plaintiff's failures have been willful, and that he is therefore responsible for his own noncompliance. This factor weighs in favor of dismissal.

**D.     Advance Notice of Sanction of Dismissal**

Plaintiff was warned by the Court that he risked dismissal of his case if he failed to

comply with the Court's Order [#8]. Pro se litigants are required to read and follow the rules of the Court. *Green*, 969 F.2d at 917. Accordingly, it should be no surprise to Plaintiff that his failure to comply with the Order [#8] could result in dismissal of his case. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's efforts to advise Plaintiff of the potential for dismissal in this case do not prevent this result. *See Lynn*, 2006 WL 2850273, at *7 (noting that warnings in prior cases were sufficient to put plaintiff on notice).

### E.  Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective. Although Plaintiff is proceeding pro se, that does not excuse his neglect here. *See Green*, 969 F.2d at 917. In addition, given that Plaintiff has not responded to the Order, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction remedy the problem, which is that the case cannot move forward until Plaintiff clearly states the basis of his claims for relief and clarifies who he seeks to name as a defendant. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

### III. Conclusion

For the reasons provided above, I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Order [#8]. The Court also **RECOMMENDS** that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss "the case at any time if the court

determines that . . . [Plaintiff] fails to state a claim on which relief may be granted . . . ."

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  August 11, 2014                                         BY THE COURT:

Kristen L. Mix
United States Magistrate Judge